**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GETAWAY.COM LLC, @MYPLACE.COM | ) | |
| LLC, INSIDER.COM LLC, AND | ) | Civil Action No. _____ |
| INSURANCEBROKER.COM LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | Non-Arbitration |
| | ) | |
| v. | ) | |
| | ) | Demand for Jury Trial |
| JOHN DOES 1 - 26, | ) | |
| | ) | |
| Defendants. | ) | |

**VERIFIED COMPLAINT**

COMES NOW, Getaway.com LLC, @MyPlace.com LLC, Insider.com LLC, and InsuranceBroker.com LLC, by and through their attorney, Daniel C. Herr Esquire, who brings this Verified Complaint against John Does 1 - 26, alleging as follows:

## FACTS

### Parties

1. Plaintiffs are all Limited Liability Companies that are and/or were formed in the State of Delaware during all relevant times hereto.

2. Defendants John Does 1 - 21 are unknown individuals who can only be identified by their "usernames" (to be elaborated upon, below) as follows: JOHN DOE No. 1 (Cog), JOHN DOE No. 2 (Andrei_i), JOHN DOE No. 3 (shazza), JOHN DOE No. 4 (cotojo), JOHN DOE No. 5 (LiVeRpUdLiAn932), JOHN DOE No. 6 (phantazm), JOHN DOE No. 7 (0DD), JOHN DOE No. 8 (Jim M), JOHN DOE No. 9 (tinfoil), JOHN DOE No. 10 (Kraftwerk), JOHN DOE No. 11 (QuickMan), JOHN DOE No. 12 (TheAnon), JOHN DOE No. 13 (_Nemo), JOHN DOE No. 14 (Armored), JOHN DOE No. 15 (Tampon2000), JOHN DOE No. 16 (Skywalker_1), JOHN DOE No. 17 (Super Hero!), JOHN DOE No. 18 (© DPhil™), JOHN DOE No. 19 (TheBonobo4),

JOHN DOE No. 20 (pi366), and JOHN DOE No. 21 (A440).  John Does 1 – 21 have defamed

Plaintiffs on www.mywot.com.

3.   Defendants John Does 22 - 26 are unknown individuals who can only be identified by

their "usernames" (to be elaborated upon, below) as follows:  JOHN DOE No. 22 (sharons),

JOHN DOE No. 23 (andrei_i), JOHN DOE No. 24 (ColoradoChris), JOHN DOE No. 25

(bugge), JOHN DOE No. 26 (malc12).  John Does 22 – 26 have defamed Plaintiffs on

www.siteadvisor.com.

## Jurisdiction and Venue

4.   This is a civil action for damages and injunctive relief arising under Delaware Common

Law.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to entertain claims

arising under state law.  Upon information and belief, Defendants live throughout the United

States in various locations, and others possibly live outside of the United States.

5.   The amount in controversy exceeds $75,000.

6.   Personal jurisdiction is proper as Plaintiffs are or were incorporated in Delaware at all

relevant times.

7.   Venue is properly in this Court pursuant 28 U.S.C. §1391(b) because Plaintiffs are or

were incorporated in Delaware at all relevant times and because the events giving rise to the suit

occurred on and through the internet on forums that can be accessed within this District.

## Common Allegations of Fact

8.   Philip Gordon ("Gordon") owned and owns all of the Plaintiffs at all relevant times

hereto.

9.   Gordon began acquiring numerous internet domain names in 1997, which include the

domains through which the Plaintiffs operated their businesses.

10. In 1998, Gordon began offering free email services to the general public (i.e., just as Gmail or Hotmail do).

11. In 2002, Gordon began providing the general public free, customizable subdomains associated with any of his domains.  A subdomain creates a sub-page associated with the main domain.  For example, the domain that operated @MyPlace.com LLC is www.myplace.com, and individuals could create their own subdomains that would be accessible by attaching their chosen name to the front of the domain (i.e., www.janedoe.myplace.com).

12. Plaintiffs' profits came from advertising spots on their domains and subdomains.

13. Unfortunately individuals unassociated with Plaintiffs or Gordon setup email addresses and subdomains with goal of using them to "spam" and "phish."  Spamming and phishing are the activities of attempting to acquire sensitive information, such as usernames, passwords, and credit card details (and sometimes, indirectly, money), often for malicious reasons, by masquerading as a trustworthy entity in an electronic communication.  Spamming and phishing are generally associated with fraudulent and/or criminal activity on the internet.

14. By 2009, about 1% of the subdomains associated with Plaintiffs ended up being associated with spamming or phishing activities.  Plaintiffs and Gordon spent a considerable amount of time and money to combat this, but the efforts were largely futile.  As a result, in or around 2010, Plaintiffs ceased offering subdomains, which concomitantly reduced their advertising revenues.

15. In early July 2013, Plaintiffs were informed by and through Gordon that they were being libeled through an organization, Web of Trust, that runs a website, www.mywot.com (Web of Trust and its website shall be collectively referred to as "WOT").

16. Gordon learned this in early July 2013, and was blamelessly ignorant to the defamation

3

and libel concerning Plaintiffs up until this point in time.

17. WOT includes, in part, a forum that allows the community (i.e., anyone with access to the internet) to make representations concerning a website's safety and reliability.  These representations are publicly posted by and through WOT.

18. Anyone with internet access can review these posts and statements.

19. From these representations, WOT thereafter creates a "rating" for the website that range from green (excellent), light green (good), yellow, orange (unsatisfactory), to red (poor / very poor), as well as grey, which indicates no rating.

20.  After being notified concerning this libel, Plaintiffs inspected WOT, wherein they found a page commenced by John Doe No. 1 (Cog), who made various defamatory comments that labeled Plaintiffs as "spammers" and being involved in "scams and phishing attempts."

21. Upon further inspection, Plaintiffs uncovered (by and through Gordon)  that John Does 1 – 21 made further defamatory statements about them referring to them as scammers, spammers, phishers, or criminals, or implying the same through other language.  A table of these statements is attached hereto as **Exhibit A**.  These statements were largely at the direction of John Doe No. 1 (Cog).

22. These statements are false.

23. Plaintiffs repeatedly requested that the defamatory statements described herein be removed to no avail.

24. Upon further inspection of certain internet forums after being notified concerning the www.mywot.com defamation in or around early July 2013, Plaintiffs also discovered that John Does 22 – 26 had defamed them on the website www.siteadvisor.com.

25. These statements were of the same nature as that posted on www.mywot.com and were

similarly false.

26. Upon information and belief, some or all of John Does 22 – 26 may by the same individuals identified as John Does 1 – 21 herein; however, this cannot be ascertained until both www.mywot.com and www.siteadvisor.com are subpoenaed.

27. Plaintiffs provided notice to John Does 1 - 21, by and through the WOT, wherein Defendants have actually defamed Plaintiffs, that their identities were being sought on June 23, 2015.

28. Immediately upon filing this Complaint, Plaintiffs will provide further notice to John Does 1 - 21 by and through the WOT wherein Defendants have actually defamed Plaintiffs, that they may review this Complaint, identifying it by caption and case number, by seeking it through PACER.

29. Should Plaintiffs need to subpoena www.siteadvisor.com (owned by McAfee, Inc., which has a Delaware registered agent), they will provide similar notice (to the extent possible) to that outlined in paragraphs 27 and 28 herein to John Does 22 – 26.

## COUNT 1 – DEFAMATION – ALL DEFENDANTS

30. Plaintiffs re-allege and incorporate by reference all allegations and paragraphs in this complaint (except those that are inconsistent with this cause of action, including but not limited pleadings in the alternative), above and below, as though fully set forth herein.

31. Defendants intentionally and/or maliciously and/or knowingly and/or negligently and/or with gross negligence made false and harmful statements concerning Plaintiffs.

32. As a direct and proximate result, Plaintiffs suffered reputational injuries, economic damages, and other damages consistent with the allegations herein.

## COUNT 2 – DEFAMATION *PER SE* – ALL DEFENDANTS

33. Plaintiffs re-allege and incorporate by reference all allegations and paragraphs in this complaint (except those that are inconsistent with this cause of action, including but not limited pleadings in the alternative), above and below, as though fully set forth herein.

34. Defendants intentionally and/or maliciously and/or knowingly and/or negligently and/or with gross negligence made false and harmful statements concerning Plaintiffs' trades, professions, and business practices.

35. As a direct and proximate result, Plaintiffs suffered reputational injuries, economic damages, and other damages consistent with the allegations herein.

## PRAYER FOR RELIEF

WHEEFORE, Plaintiffs pray for judgment against Defendants as follows:

A.      All lawful damages in an amount to be determined, against all Defendants.

B.      Compensatory damages.

C.      Punitive damages in an amount sufficient to punish Defendants and discourage them and others from engaging in similar conduct in the future.

D.      Injunctive relief, mandating that John Does 1 - 21 remove all of their defamatory statements from www.mywot.com and mandating that John Does 1 – 26 remove all other defamatory statements on any other online or non-online place and cease and desist making further defamatory statements;

E.      Costs and pre and post-judgment interest.

F.      Such other relief as this Court deems just and equitable.

G.      Trial by Jury.

Respectfully Submitted,

**THE NORMAN LAW FIRM**

Date:  June 24, 2015

*/s/Daniel C. Herr*
Daniel C. Herr, Esquire, Bar. I.D. 5497
1225 N. King Street, Suite 1000
Wilmington, Delaware  19801
302-595-9084 – telephone
302-235-3712 - fax
DHerr@TheNormanLawFirm.com
*Attorney for Plaintiffs*