IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GETAWAY.COM LLC, <br> @MYPLACE.COM LLC, INSIDER.COM <br> LLC, and INSURANCEBROKER.COM <br> LLC, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DOES 1 - 26, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. No. 15-531-SLR <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM**

1. **Introduction.** On June 24, 2015, plaintiffs Getaway.com LLC, @MyPlace.com LLC, Insider.com LLC, and InsuranceBroker.com LLC (collectively, "plaintiffs") filed this action alleging internet defamation under Delaware law against twenty-six anonymous online commenters John Does 1 - 26. (D.I. 1) On June 25, 2015, plaintiffs filed an ex parte motion for leave to engage in pre-service of process discovery to ascertain the identities of defendants John Does 1 - 21 (collectively, "defendants"). (D.I. 4) Specifically, plaintiffs seek to serve a third-party subpoena on WOT Services, Ltd. ("WOT") in order to obtain the Internet Protocol ("IP") addresses that were used to create the allegedly defamatory comments on www.mywot.com, a website owned by WOT. For the reasons articulated below, the court has jurisdiction pursuant to 28 U.S.C. § 1332.

2. **Background.** Plaintiffs are Delaware limited liability companies that own several internet domain names and use these domain names to offer free email

services and subdomain names to the public. (D.I. 1 at ¶¶ 1, 10-11) Plaintiffs are owned by Phillip Gordon ("Gordon"). (*Id.* at ¶ 8) Before or during 2009, individuals unassociated with plaintiffs or Gordon used plaintiffs' services to create malicious online spamming and phishing schemes. (*Id.* at ¶ 13)

3. Defendants are individuals who used pseudonymous screen names to complain of the spamming and phishing schemes on a website devoted to reviewing internet domain names. (*Id.* at ¶¶ 2) Plaintiffs maintain that these comments falsely attribute the spamming and phishing schemes to plaintiffs and Gordon. (*Id.* at ¶ 21) Although the comments date from January 2009, plaintiffs were first notified of the alleged defamation when Gordon discovered the comments in July 2013. (D.I. 1 at ¶ 15; D.I. 3)

4. **Standard of Review.**

   a. **Subject Matter Jurisdiction.** "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal courts have an obligation to address issues of subject matter jurisdiction sua sponte. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood,* 592 F.3d 412, 420 (3d Cir. 2010). Because no federal questions are asserted, jurisdiction is not appropriate under 28 U.S.C. § 1331. Therefore, the court must discern whether jurisdiction is proper by reason of the diversity of the parties pursuant to 28 U.S.C. § 1332. In a diversity action, a district court has subject matter jurisdiction over state law claims, pursuant to 28 U.S.C. § 1332, if a plaintiff is a citizen from a state different from each defendant and the amount in controversy exceeds $75,000. *See Werwinski v. Ford Motor Co.,* 286 F.3d 661, 666 (3d Cir. 2002). Complete diversity is required under

28 U.S.C. § 1332. *See Braun v. Gonzales,* 557 Fed. App'x. 176, 179 (3d Cir. 2014) (unpublished) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584 (1999)). This means that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978).

      b. **Pre-Service of Process Discovery.** "[B]efore a defamation plaintiff can obtain the identity of an anonymous defendant through the compulsory discovery process he must support his defamation claim with facts sufficient to defeat a summary judgment motion." *Doe v. Cahill,* 884 A.2d 451, 460 (Del. 2005). "[T]o obtain discovery of an anonymous defendant's identity under the summary judgment standard, a defamation plaintiff 'must submit sufficient evidence to establish a *prima facie* case for each essential element of the claim in question.'" *Id.* at 463 (citing *Colgain v. Oy-Partek Ab (In re Asbestos Litig.),* 799 A.2d 1151, 1152 (Del. 2002)). Finally, "to the extent reasonably practicable under the circumstances, the plaintiff must undertake efforts to notify the anonymous poster that he is the subject of a subpoena or application for order of disclosure." *Id.* at 460.

      5. **Discussion.** "Federal courts are divided on the question of whether the existence of unidentified or 'Doe' defendants defeats diversity jurisdiction." *Doe v. Ciolli,* 611 F. Supp. 2d 216, 219 (D. Conn. 2009) (footnote omitted) (holding that anonymous defendants do not destroy complete diversity at the pleading stage); *McMann v. Doe,* 460 F. Supp. 2d 259, 264-65 (D. Mass. 2006) (holding that an anonymous defendant destroyed complete diversity). Under the circumstances of this case, in which the allegedly defamatory comments did not concern a local matter and could have been posted by anyone in the world connected to the internet, the court follows the reasoning

in *Ciolli* and declines to question its jurisdiction before plaintiffs have had an opportunity to identify defendants. Should the court discover at a later stage of the litigation that one or more of defendants is a citizen of Delaware and thus not diverse from plaintiffs, the court will review its jurisdiction pursuant to 28 U.S.C. § 1332.

6. The elements of defamation under Delaware law are: "1) the defendant made a defamatory statement; 2) concerning the plaintiff; 3) the statement was published; and 4) a third party would understand the character of the communication as defamatory." *Cahill*, 884 A.2d at 463 (citing *Read v. Carpenter*, 1995 WL 945544, *2, (Del. Super. 1995)). The court can consider context when determining whether the comments are defamatory as a matter of law. *See id*. *Cahill* emphasized that "[b]logs and chat rooms tend to be vehicles for the expression of opinions; by their very nature, they are not a source of facts or data upon which a reasonable person would rely." *Id*. at 465. The comments at issue here were "representations concerning [the] safety and reliability" of plaintiffs' domain names. (D.I. 1 at ¶17) These comments were relied upon to create a rating for plaintiffs' domain names. (D.I. 1 at ¶19) While the ratings express an opinion, the comments themselves function as statements of fact. (*See* D.I. 3) Therefore, the court finds the comments defamatory as a matter of law.

7. The only aspect of the comments alleged to be defamatory are the allegations that plaintiffs and Gordon participated in spamming and phishing scams. Although Gordon is not a plaintiff, a for-profit corporation has a cause of action for defamatory speech related to the corporation's officers if such speech will "reflect discredit upon the method by which the corporation conducts its business." Restatement (Second) of Torts § 561(b). One Delaware court has cited this rule. *See Delaware Exp. Shuttle,*

*Inc. v. Older*, 2002 WL 31458243, at *21 (Del. Ch. Oct. 23, 2002). Accordingly, plaintiffs have satisfied the requirement that the defamatory speech concern the plaintiffs. Plaintiffs satisfy the publication requirement by alleging that defendants' comments are available for any internet user to read. (D.I. 1 at ¶ 18) Finally, the nature of the comments, which question the integrity of plaintiffs' business operations and their principal officer Gordon, could be understood by a third party to be defamatory. Plaintiffs' complaint satisfactorily pleads a prima facie defamation claim.

8. With respect to the notice requirement in *Cahill*, plaintiffs aver that they provided notice "on the very forum" where the allegedly defamatory comments were found. (D.I. 5) This effort satisfies the notice standard in *Cahill* and plaintiffs' motion is properly before the court.[1]

9. **Conclusion.** Plaintiffs have complied with *Cahill* by providing notice and pleading a prima facie case of defamation sufficient to withstand summary judgment. Plaintiffs' motion to engage in pre-service of process discovery is granted. An order directing and limiting this discovery shall issue.

_____
United States District Judge

---

[1] The court notes that the allegedly defamatory comments were posted on several websites. (D.I. 3) To the extent that plaintiffs' assurance that notice was provided "on the very forum" where the comments were found implies that notice was provided on only one but not all of the implicated websites, plaintiffs are directed to comply with the notice requirement by posting a similar notice on each affected website before commencing the discovery that the court deems appropriate.